Requestor: Hon. Thomas Sobol, Commissioner Department of Education Education Building Albany, N Y 12234
Written by: G. Oliver Koppell, Attorney General
Your counsel has requested an opinion of the Attorney General concerning the authority of the New York State Education Department to register under Education Law § 7408 a Delaware registered limited liability partnership composed of certified public accountants.
Pursuant to various provisions of Article 130 of the Education Law, the Education Department is vested with powers to administer the admission to and practice of the professions, including the power to promulgate regulations and issue registrations to "qualified applicants" in the professions. See, e.g., Education Law §§ 6507(2)(a), 6507(4)(b). Under Education Law § 7408(1)(a), "[a] registration shall be issued to a partnership" engaged in the profession of public accountancy upon payment of a fee and compliance with various application requirements. Neither Article 130, nor section 7408, nor any other provision of the Education Law defines "partnership" for purposes of such registration. You have informed us that the Department relies upon the New York Partnership Law to determine what constitutes a "partnership" that can be registered under section 7408.
You have further informed us that the Delaware Legislature recently amended the Delaware Uniform Partnership Law (DUPL) to authorize "registered limited liability partnerships" (RLLP). See, Title 6, Chapter 15, Delaware Code 1953, §§ 1501-1543 (as amended August 1, 1993). The salient feature of such a registered limited liability partnership arrangement is described in section 1515(b) of the Delaware Uniform Partnership Law:
 [A] partner in a registered limited liability partnership is not liable for debts and obligations of the partnership arising from negligence, wrongful acts, or misconduct . . . in the course of partnership business by another partner or an employee, agent or representative of the partnership.
This limitation does not alter the liability of a partner in an RLLP for his own negligence, wrongful acts, or misconduct, or that of any person under his direct supervision and control. Id., § 1515(c). Nor does the statute alter the liability of the partnership itself for the negligence or misconduct of individual partners. Id., §§ 1511-1514, 1546(a). Finally, the statute does not alter the liability of individual partners for partnership debts other than those "arising from negligence, wrongful acts, or misconduct" of fellow partners.
In that the Delaware registered limited liability partnership provisions have no counterpart in New York law and are inconsistent with New York Partnership Law § 26,[1] your counsel has asked whether Education Law § 7408(1)(a) authorizes the Commissioner of Education to register a Delaware RLLP of certified public accountants.
In our view, under Education Law § 7804 the Department may register a partnership[2] which has paid a filing fee and met various clearly-stated requirements. The statute does not require the Department to inquire whether such entities (whether foreign or domestic) conform in all particulars to New York's Partnership Law as a condition of registration. Thus, the act of registration pursuant to section 7804 does not constitute a certification by the Department that the registered entity conforms in all respects with New York's Partnership Law. For example, in the instant matter the act of registration would not indicate Department approval of application in New York of the liability limitation under Delaware law, or reflect a determination by the Department that the Delaware liability limitation will be applied by New York courts under conflict of laws principles if this issue is ever litigated in a New York forum.
Thus, it is our view that a partnership of certified public accountants may be registered by the State Education Department provided that it meets the specific requirements of section 7408 of the Education Law. Under those provisions, no partnership may use the words "certified public accountants" or the letters "C.P.A.'s" in connection with its name unless each partner of such partnership residing or engaged in the United States in practice is in good standing as a CPA of one or more states or political subdivisions of the United States. Education Law §7408(1). Further, each partner or resident engaged in practice within New York must be licensed by the Education Department. Ibid. A registration must be issued to such a partnership upon payment of a fee and upon a showing that at least one partner is licensed under the Education Law and his license is not currently suspended, annulled or revoked in any jurisdiction and he is regularly engaged in practice on behalf of the partnership within New York; the partnership consists of at least two present members; and the partnership contains at least as many present partners as the total named in the firm name and where the word "company" or the abbreviation "co" is used, the number of present partners must be more than the number of names in the firm name. Education Law § 7408(1)(a). We are aware of no other purpose to be served by registration.
It is our opinion that the mere fact that an entity is a Delaware RLLP does not preclude its registration as a partnership in New York so long as the partnership has met the requirements of and the conditions for registration specified in section 7408 of the Education Law. We emphasize that the act of registration is neither an endorsement by the Department of application in New York of the liability limitation under Delaware law nor an indication that this limitation should or will be recognized in New York under conflict of law and comity principles.
Further, we recommend that as a condition of registration of a Delaware limited liability partnership composed of certified public accountants that the Education Department enter into a consent agreement with the firm. A proposed consent agreement is attached and made a part of this opinion.
 CONSENT AGREEMENT
The undersigned firm of certified public accountants (the "Firm") agrees and consents to the following:
(1) The Education Department, on behalf of the Board of Regents of the State University of New York and the Board of Accountancy, has determined that the Firm, a registered limited liability partnership under Delaware law, may register as a partnership and practice public accountancy in New York under Articles 130 and 149 of the New York Education Law.
(2) Regarding the issuance of a registration by the Board of Regents of the State University of New York to practice public accountancy in New York under Articles 130 and 149 of the New York Education Law, the Firm agrees that it will not assert in any action or proceeding arising in New York or under New York law that the issuance of such registration is a determination, ruling or acknowledgment by the State of New York, including the New York State Board of Accountancy, the Board of Regents or the Education Department, that (a) the Firm is a partnership within the meaning of the New York Partnership Law or (b) the provisions of Delaware law governing the liability of partners in a Delaware registered limited liability partnership apply.
(3) While transacting business in the State of New York, the Firm agrees to comply with the applicable provisions of New York law governing partnerships, including without limitation the applicable provisions of Article 7 of the New York Partnership Law and Article 9-B of the New York General Business Law.
(4) The Firm agrees to make known to actual and prospective clients the limitations on liability of partners of a registered limited liability partnership under Delaware law, as well as the relevant differences between this form of organization and the general partnership as currently recognized under New York law as follows:
 (a) by including in its name a designation required by Delaware law, indicating that it is a registered limited liability partnership;
 (b) to existing clients, by mailing a notice containing the above-described information within 90 days of registering as a registered limited liability partnership;
 (c) to prospective clients, by including the above-described information in engagement letters.
(5) The Firm reserves the right to assert, as the case may be, that (a) it is or should be treated as a partnership within the meaning of the New York Partnership Law under applicable principles of partnership law and/or (b) the provisions of Delaware law governing the liability of partners in a Delaware registered limited liability partnership should be applied by a court or other adjudicatory body under applicable principles of conflicts of law.
(6) This Consent Agreement shall terminate if the State of New York enacts legislation authorizing the formation of registered limited liability partnerships by certified public accountants, upon the effective date of such legislation. The Firm agrees to comply with all applicable provisions of such legislation.
Name of Firm: _____________________________________
By: _______________________________________________
Title: ____________________________________________
Date: _____________________________________________
I affirm that I am authorized to sign this Consent Agreement on behalf of the firm and the partners thereof.
 ___________________________________ [Individual signing for the Firm]
[1] New York Partnership Law § 26 provides, in pertinent part, that:
All partners are liable
 1. Jointly and severally for everything chargeable to the partnership under sections twenty-four and twenty-five.
 2. Jointly for all other debts and obligations of the partnership. . . .
[2] An examination of the Delaware statute indicates that a partnership in Delaware is "an association of two or more persons to carry on as co-owners a business for profit" and includes RLLPs.